1 F.3d 1252
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Hawley ATKINSON, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 92-3637.
 United States Court of Appeals, Federal Circuit.
 June 9, 1993.
 
 Before ARCHER, Circuit Judge, BENNETT, Senior Circuit Judge, and RADER, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Petitioner, Hawley Atkinson (Atkinson), seeks review of the July 16, 1992 decision of the administrative judge (AJ), made final by the Merit Systems Protection Board (MSPB or board) on August 20, 1992, holding that Atkinson was not entitled to full-time service credit for the period of employment from July 15, 1979 through October 29, 1990. This court affirms.
 
 BACKGROUND
 
 2
 Petitioner was employed as a Commissioner and Chairman of the Navajo and Hopi Indian Relocation Commission (NHIRC) during the period from July 1, 1975 through October 29, 1990. Pursuant to statutory authority, NHIRC commissioners were employed under the following terms:
 
 
 3
 Each member of the Commission who is not otherwise employed by the United States Government shall receive an amount equal to the daily rate paid a GS-18 under the General Schedule contained in section 5332 of title 5 for each day (including time in travel) or portion thereof during which such member is engaged in the actual performance of his duties as a member of the Commission. A member of the Commission who is an officer or employee of the United States shall serve without additional compensation. All members of the Commission shall be reimbursed for travel, subsistence, and other expenses incurred by them in the performance of their duties.
 
 
 4
 25 U.S.C. Sec. 640d-11(e) (1976) (amended 1988). The standard form 50, reflecting the character of petitioner's appointment, indicated that petitioner was hired under a "when actually employed" basis.[1] Additionally, petitioner's retirement category at the time he was hired was listed as "FICA," i.e., social security.
 
 
 5
 On July 15, 1979, after enactment of the Civil Service Reform Act of 1978, Pub.L.No. 95-454, 92 Stat. 1111 (codified as amended in scattered sections of 5 U.S.C.), petitioner's employment was converted to career Senior Executive Service (SES) status as an "intermittent" employee. In November 1988, Congress abolished the NHIRC and replaced it with the Office of Navajo and Hopi Indian Relocation. As a part of the creation of that new office, the three NHIRC commissioner positions, including petitioner's, were eliminated and replaced with a single commissioner appointed by the President and subject to Senate confirmation.
 
 
 6
 Congress expressly provided that the new commissioner would be a full-time employee paid at the rate of GS-18 of the General Schedule under section 5332 of title 5, United States Code. 25 U.S.C. Sec. 640d-11(b)(3) (1988). Petitioner was permitted to continue in his position pending appointment of the new commissioner.
 
 
 7
 The new commissioner was appointed on June 1, 1990, and on October 30, 1990, petitioner was transferred to a full-time position in the Bureau of Reclamation, Department of the Interior. Under this employment, petitioner became eligible for benefits under the Civil Service Retirement System (CSRS). Petitioner subsequently transferred to the Federal Employees Retirement System (FERS) and retired effective March 31, 1991.
 
 
 8
 In evaluating petitioner's application for retirement benefits, the Office of Personnel Management (OPM) determined that he was entitled to full-time service credit for his time at the Bureau of Reclamation, but only partial service credit, equal in amount to each day in which he actually performed work duties, for his time as an NHIRC commissioner. In conjunction with petitioner's application for retirement, the Department of the Interior submitted to the OPM a "Certified Summary of Federal Service" which indicated that, while he was an NHIRC commissioner, petitioner's total service performed between July 1, 1975 and October 29, 1990 amounted to 8 years, 7 months and 15 days. OPM relied upon the Interior Department's determination in computing petitioner's FERS annuity.
 
 
 9
 Petitioner objected to OPM's computation and claimed entitlement to full-time service credit for the period from July 15, 1979, when he was converted to career Senior Executive Service (SES) status, through October 29, 1990, when he was transferred to a full-time position at the Bureau of Reclamation. On August 5, 1991, OPM issued an initial decision denying petitioner's claim. That decision was subsequently affirmed by OPM on reconsideration, and the dispute was then taken before the MSPB.
 
 
 10
 On appeal, petitioner seeks reversal of the board's decision and maintains that his conversion to SES status entitles him to full retirement credit for his service as an NHIRC commissioner during the period from July 15, 1979 through October 29, 1990. The essence of petitioner's argument is that it would be contrary to law to grant an employee SES status while at the same time classifying that employee as "intermittent."
 
 
 11
 This court affirms board decisions unless they are (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988).
 
 
 12
 In support of his position, petitioner first notes that intermittent employment is defined as "employment without a regularly scheduled tour of duty." 5 C.F.R. Sec. 340.401 (1989). Petitioner then points out that the phrases "regularly scheduled" and "tour of duty" are defined by a federal regulation, 5 C.F.R. Sec. 610.102, which relies for its authority upon 5 U.S.C. Sec. 6101. Petitioner then states that SES employees are expressly excluded from the provisions of 5 U.S.C. Sec. 6101 under 5 U.S.C. Sec. 5541(2)(C)(xvi) (1988). Accordingly, petitioner contends that it would be contrary to law to grant an employee SES status and classify that employee as "intermittent" since the term "intermittent" does not apply to SES employees.
 
 
 13
 Petitioner's argument is not persuasive. First, there is nothing in the statutory provisions defining SES employment which expressly prohibits the classification of certain SES employees as intermittent. Second, the statute setting out petitioner's terms of employment, which states in part that he was to be paid for each day worked, clearly reveals the "intermittent" nature of petitioner's former employment as commissioner.
 
 
 14
 Petitioner also argues that the responsibilities of his position made his designation as an intermittent employee contrary to law. Intermittent employment is defined as employment without a regularly scheduled tour of duty. 5 C.F.R. Sec. 340.401(c) (1989). Because he was his own boss, petitioner asserts that he did maintain a regularly scheduled tour of duty as set by his department head (himself) and thus should be at least considered a part-time employee. Petitioner also contends that it is improper for an employee who could potentially work 365 days in one year to be considered intermittent. Petitioner further notes that the record indicates that during some extended periods during his term as an NHIRC commissioner, he worked "very regularly." Finally, petitioner points out that intermittent employees are generally paid on an hourly basis and not per diem as with an NHIRC commissioner.
 
 
 15
 Upon review, the record contains substantial evidence to support the AJ's finding for the board that petitioner's duties fit the description of intermittent service. First, and most persuasive, is the evidence reflecting the actual number of days worked by petitioner. That evidence indicates that petitioner's employment was irregular and inconsistent. For example, petitioner worked a total of 8 years, 7 months and 15 days during the approximately 15 years which comprised the employment period at issue. In addition, the number of days worked in any given year by petitioner varied from 72 to 257. Second, the record indicates that petitioner's position mandated an irregular employment schedule which required him to work only when the job required it. Finally, petitioner's schedule was such that he was able to maintain a second job in addition to his position as an NHIRC commissioner.
 
 
 16
 Furthermore, the opinions of OPM and the Comptroller General are in accord with the AJ's decision for the MSPB. In reviewing statutory interpretations, this court gives weight and deference to agency determinations provided they are reasonable. Bureau of Alcohol Tobacco & Firearms v. Federal Labor Relations Auth., 464 U.S. 89, 97-98 (1983). We cannot say that, in this instance, the relevant agency determinations are unreasonable or unlawful. Petitioner's various other arguments were addressed in the opinion of the MSPB and are without merit and lacking in credibility.
 
 CONCLUSION
 
 17
 The final decision of the Merit Systems Protection Board is neither arbitrary nor capricious, is supported by substantial evidence, and is legally correct. Accordingly, we affirm.
 
 
 
 [1]
 The expression "when actually employed" is no longer used by the government and has been replaced in the Federal Personnel Manual by the term "intermittent."